# ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-169

MAY TERM, 2014

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Windsor Unit, |
| | } | Criminal Division |
| Luke Theriault | } | |
| | } | DOCKET NO. 443-4-14 Wrcr |

In the above-entitled cause, the Clerk will enter:

Defendant appeals pursuant to 13 V.S.A. § 7556(b) from the denial of his motion to strike from his conditions of release a twenty-four hour curfew. Defendant was arraigned on April 23 in Docket 436-4-14Wrcr for Reckless Endangerment and Possession of Cocaine (less than 2.5 grams), both charged as misdemeanors. Conditions of release were set. On April 25th he was charged in Docket 443-4-14Wrcr with violating one of his conditions of release by possessing marijuana. A twenty-four hour curfew was imposed. Following a hearing on defendant's motion to amend conditions of his release on May 12, 2014, the Superior Court, Windsor Criminal Division imposed a twenty-four hour curfew in both dockets subject to the following exceptions: "legal, medical, verifiable employment, or pick up/drop off of your children on [T]uesdays at the [C]umberland [F]arms in [W]ilder and you may be out of your residence on Tuesdays and Thursdays from 12pm-5pm." On May 16, 2014, defendant filed an appeal of this condition. This matter was heard by this Court on May 29, 2014.

Under § 7556(b), any order concerning conditions of release "shall be affirmed if it is supported by the proceedings below. If the order is not supported, . . . [a] single justice hearing the matter may remand the case for a further hearing or may, with or without additional evidence, order the person released."

From the transcript of the Motion to Amend Conditions of Release, it is apparent that the trial court relied heavily on the factual basis for the charge of reckless endangerment—which involved the discharge of a firearm—and defendant's two failures to appear in connection with charges brought back in 2002 and 2003 and one violation of probation from 2004. Notwithstanding the court's concern about defendant's willingness to abide by court orders, the judge amended the curfew condition as detailed above.

Given the legislature's admonition found in 13 V.S.A. § 7554(a)(2) that a judicial officer should consider the least restrictive combination of conditions that will reasonably assure protection of the public, and that "a physically restrictive condition may only be imposed in extraordinary circumstances," § 7554(a)(2)(D), I cannot find that the record below supports the

twenty-four hour curfew imposed, even as amended. His previous disregard of court orders occurred a decade ago. He is facing only misdemeanor charges. He has surrendered his firearms to law enforcement. I do not find these circumstances to be extraordinary. Therefore, I am amending the conditions of release for both dockets to require a curfew from 8:00 pm to 6:00 am. This new curfew condition shall be in effect beginning on May 30, 2014. All other conditions of release imposed by the trial court remain in effect.

FOR THE COURT:

Marilyn S. Skoglund, Associate Justice

2